**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Shirlean Oliver, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| LTD Financial Services, L.P. and | ) | **COMPLAINT WITH** |
| Tate & Kirlin Associates, Inc., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.     Plaintiff, Shirlean Oliver, is a natural person who resides in Fulton County, Georgia.

2.     Defendant, LTD Financial Services, L.P. ("LTD"), is a limited partnership formed under the laws of the State of Texas and registered to do business

1

in Georgia. Defendant may be served with process via its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046.

3.      Defendant Tate & Kirlin Associates, Inc., ("Tate & Kirlin"), is a corporation formed under the laws of the State of Pennsylvania and registered to do business in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendants both maintain registered agents in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8.      Plaintiff is allegedly obligated to pay a consumer debt arising out of a consumer bank account and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.      At all times during the described events, Defendant Tate & Kirlin was acting as an agent of Defendant LTD.

10.     Defendant Tate & Kirlin is a collection agency specializing in the collection of consumer debt.

11.     Defendant Tate & Kirlin uses interstate commerce and/or mail in its business in the collection of consumer debts.

12.     Defendant Tate & Kirlin manages, and collects upon, thousands of consumer debt accounts annually.

13.     Defendant Tate & Kirlin is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     Defendant LTD's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit.

3

15.     Defendant LTD by itself and through its agents uses interstate commerce and/or mail in its business in the collection of consumer debts.

16.     Defendant LTD markets itself as a "a nationally recognized, top-tier collection agency that provides collection services to premier credit grantors across the country." https://www.ltdfin.com/about-us (Last visited 02/28/20.)

17.     Defendant LTD by itself and through its agents manages, and collects upon, thousands of consumer debt accounts annually.

18.     Defendant LTD is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19.     Defendants had attempted to collect an alleged debt from Plaintiff by placing negative information on Plaintiff's credit report.

20.     Plaintiff called Defendants in March of 2021 because Plaintiff did not recognize the debt.

21.     Defendants informed Plaintiff that the account was for an unpaid balance on a bank card.

22.     During the phone call, Defendants told Plaintiff that her credit report would only be updated after the debt was paid in full and that if she made monthly payments, they would not be reflected on the Plaintiff's credit report.

23.     Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

24.     The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

25.     Defendants' statements that the account would never be deleted from Plaintiff's credit report was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

26.     Defendants' statement was a false, deceptive, and misleading communication which threatened to report the account for longer than the seven years allowed by the FCRA.

27.     Defendants' false statement was designed to improperly pressure Plaintiff into making a payment for Defendant's benefit.

28.     Per 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA, a furnisher of credit information "…shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

29.     Moreover, a data furnisher, such as the Defendants, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness. 15 U.S.C. § 1681s-2(a)(2)(B).

30.     Upon information and belief, Defendants' agreement(s) with Transunion and Experian require Defendants to report account information on a regular basis or schedule.

31.     Defendants' representations that Plaintiff's credit reports would not be updated as payments were made, but rather only after certain accounts were paid in full was a false representation of the legal requirements for Defendant to update the information they provide to a credit reporting agency.

32.     Defendants' representations mislead Plaintiff to believe that she needed to pay the accounts in full in order to have her credit report updated.

33.     Defendants' statements were false, deceptive, and misleading communications which implied that the accounts would not be updated in accordance with the FCRA.

34.     Defendants' false, deceptive, or misleading representations and means in connection with the collection of the alleged debt caused Plaintiff anxiety and worry that the debt would be reported on her credit report until it was paid in full.

35.     Plaintiff had to take time to seek legal counsel about the misleading statements made by Defendants.

36.     Defendants' statements interfered with Plaintiff's ability to organize her financial affairs.

## INJURIES-IN-FACT

37.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

38.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

39.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

40.     Defendants are subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

41.     Defendants' acts and omissions caused particularized harm to the Plaintiff in that she has suffered anxiety and worry about her credit report, and took time to discuss her debt with counsel in response to the false statements.

42.     Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

43.     Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

44.     As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendants' collection efforts; and,

c.)     Anxiety and worry due to concerns about if she might have this debt reported on her credit until it was paid.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

45.     Plaintiff incorporates by reference paragraphs 1 through 44 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

46.     15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

47.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

48.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

49.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

50.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

51.     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, is a false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e(8).

52.     Defendants' misleading statements about how long information would be on Plaintiff's credit report were objectively false and/or materially misleading and a violation of 15 U.S.C. § 1692e, e(5), e(8) and e(10) among others.

53.     As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiff for actual damages as described herein, statutory damages in the

amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

### O.C.G.A. § 10-1-390, *et seq.*

54.     Plaintiff incorporates by reference paragraphs 1 through 53 as though fully stated herein.

55.     O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

56.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

57.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

58.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

59.     Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

60.     Defendants' conduct has implications for the consuming public in general.

61.     Defendants' conduct negatively impacts the consumer marketplace.

62.     Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

63.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

64.     As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

65.     As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

66.     As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

67.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

68.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.)    General and exemplary damages pursuant to O.C.G.A. § 10-1-399(a);

e.)    Treble damages pursuant to O.C.G.A. § 10-1-399(c); and

f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 25th day of May, 2021.

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*

2751 Buford Highway, Suite 600
Atlanta, GA 30324


*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 451328
Atlanta, GA 31145
470-990-2568
chris.armor@armorlaw.com

*Plaintiff's Attorneys*